By the Court.
The application of the appel-lees for a rehearing is founded on two grounds, neither of which appears to the court sufficient to . support it,
I. The appellees first allege that the court erred in declaring some part of the testimony, taken in this case, to have been improperly admitted, and recognising as legal, at the same time, some other part of the testimony. They observe that they know no rule of law, which authorises the defendant in a suit to prove, by parol evidence, that he has paid the plaintiff money, and which denieá the plaintiff the right of proving also by parol, to what purpose that money was received.
The court does not, indeed, believe that such an absurdity can be found in any rule of law. The plaintiffs, in this case, were at full liberty to prove, by parol evidence, that the money, by them received, was on -account of some other transaction titan the sale of the plantation : but the moment they attempted to apply it in that way, they violated the rule of evidence, which forbids the admission of parol evidence against or beyond the contents of a written contract. Therefore, such part of the oral testimony, as went to establish that some thing beyond the price, mentioned in the written contract, had been promised by the purchaser, was illegal evidence. The circumstance of its not having- been objected to by the defendant’s- *255 counsel does not cure the defect. This court is bound to decide according to law, and to correct the ■errors found in the record, whether théy be noticed by the parties or not. The consent or omission of parties cannot make that lawful, which is forbidden by law. If the testimony of a slave had been heard, without any objection on the part of the adverse party, would the court be obliged to make it the rule of their decision, because it might appear on the record, and in the statement of facts ? The competency of the witnesses, say the appel-lees, is not questioned. No ; they were competent to prove any fact, except such as were against or beyond the written contract; but, every person was incompetent to testify against or beyond that.
This is not as the appellees call it a mere technical objection. It is one of great import and much substance. Its object is to preserve inviolate one of the most sacred rules of our law: a rule which, in matters of' public acts, is not made merely for the safety of the contracting parties, but also for that of third persons, whose safety may be affected by such acts.
II. The other reason, for which the appellees solicit a rehearing, is not supported by facts. It appears, by the record, that the appellant had engaged to pay toa creditor of the appellees, Madam Castiilon, the sum due, and that thefe exists *256 in her favour a mortgage on the plantation bought hy the appellant. The appellant has alleged that this lady is the only person who can release that mortgage, and that he cannot therefore safely pay to the appellees. This is enough, therefore, to make it necessary for the court to require that he shall be secured against that mortgage, before execution can issue against him. The rule of judicial proceedings “that courts much decide secun-dum allegata fcP probata” is unnecessarily appealed to, on this occasion. The rehearing is refused,